IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | CIVIL ACTION NO. 6:02-CV-1112-ORC-28DAB
| FEDERAL EXPRESS CORPORATION, | ) ) | COMPLAINT
| Defendant. | ) ) ) ) | **JURY TRIAL DEMANDED** **INJUNCTIVE RELIEF SOUGHT** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Ted Maines (hereinafter "Mr. Maines") who was adversely affected by such practices. As stated with greater particularity in paragraph 7 below, the Equal Employment Opportunity Commission (hereinafter "EEOC" or the "Commission") alleges that Mr. Maines was unlawfully disciplined and constructively discharged by Defendant Federal Express Corporation (hereinafter "Federal Express") in retaliation for opposing what he reasonably believed to be a practice made unlawful under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Federal Express has continuously been a Delaware corporation doing business in the State of Florida and the City of Orlando, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Federal Express has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Maines filed a charge with the Commission alleging violations of Title VII by Defendant Federal Express. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February, 2001, Defendant Federal Express has engaged in unlawful employment practices at its Orlando, Florida location in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). Specifically, on or about February 7, 2001, Mr. Maines met with Defendant's in-house counsel in order to report and complain about what he reasonably believed to be discriminatory employment practices on the part of Defendant's upper management. As a result, on or about February 16, 2001, Federal Express gave Mr. Maines the ultimatum to either (i) accept a demotion of five pay grade levels and report to his subordinate; or (ii) be issued a strongly worded warning letter and face immediate termination for any subsequent "mistake." When Mr. Maines advised Defendant that he could not reasonably accept either "option," Federal Express immediately issued a disciplinary warning letter containing a threat of termination. As a result of Defendant's retaliatory conduct the terms and conditions of Mr. Maines' employment with the Defendant became so intolerable that he was forced to resign on April 9, 2001.

8. The effect of the conduct complained of in paragraph 7 above has been to deprive Mr. Maines of equal employment opportunities and otherwise adversely affect his status as an employee in retaliation for his opposition to unlawful employment practices.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Mr. Maines.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Federal Express, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of an employee's opposition to what he or she reasonably believes to be unlawful employment practices.

B.  Order Defendant Federal Express to institute and carry out policies, practices, and programs which provide equal employment opportunity for persons engaged in a protected activity and which eradicate the effects of its past unlawful employment practices.

C.  Order Defendant Federal Express to make whole Mr. Maines by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement and rightful place promotion or front pay.

D.  Order Defendant to make whole Mr. Maines by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to job search expenses and out of pocket losses, in amounts to be determined at trial.

E.  Order Defendant to make whole Mr. Maines by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendant to pay Mr. Maines punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

NICHOLAS M. INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

MICHAEL J. FARRELL
Supervisory Trial Attorney

*/s/ Cheryl Cooper*
CHERYL A. COOPER
Trial Attorney
FL Bar No. 0171591

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Miami District Office
One Biscayne Tower, Suite 2700
Two South Biscayne Boulevard
Miami, Florida 33131-1805
Tel.: (305) 536-5384 or (305) 530-6001
Fax: (305) 536-4494