# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES EQUAL**
**EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

               **Plaintiff,**

**TED MAINES,**

               **Intervenor-Plaintiff,**

**-vs-**                                                          **Case No. 6:02-cv-1112-Orl-28DAB**

**FEDERAL EXPRESS CORPORATION,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION TO REVIEW BILL OF COSTS GRANTED TO EEOC (Doc. No. 158)**
>
> **FILED:**      **July 1, 2005**
> _____
>
> **THEREON** it is **recommended** that the motion be **DENIED**.

    The Court has reviewed the motion and the Response (Doc. No. 164), and while it grants the review, the request to modify the award of costs should be denied.

As all acknowledge, the Court has discretion with respect to reviewing an award of costs made to a prevailing party, pursuant to Rule 54, Federal Rules of Civil Procedure. Title 28, United States Code, Section 1920 provides that the Court may tax as costs the following: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this Title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title."

There is no dispute that Plaintiff, the EEOC, was a prevailing party, within the meaning of Rule 54. As such, the EEOC filed a Bill of Costs which included expenditures for fees for service of summons and subpoenas ($636.00); fees of the court reporter ($11,722.56); and witness fees in the amount of $120. FedEx contests the award for service of subpoenas and transcription of depositions.

**Subpoenas**

FedEx argues that it should not have to pay for subpoenas served on its out-of-state managerial employees because: 1) the subpoenas were "invalid on their face," and unnecessary, in that FedEx never asserted that it would refuse to voluntarily produce the witnesses for trial and 2) the EEOC did not prove that the charges did not exceed those charged by the U.S. Marshal. Neither point is persuasive.

As pointed out by the EEOC in its papers, FedEx accepted service on behalf of its employees and did not object to the subpoenas, or move to quash based on invalidity. As such, any challenge to the validity of the subpoenas is waived. Moreover, absent an affirmative showing that FedEx

volunteered to produce these witnesses without subpoena, the challenge to necessity is groundless. With respect to the fees charged by private process servers as opposed to the U.S. Marshal, the U.S. Marshal no longer routinely serves subpoenas in civil cases.[1] *See, EEOC v. W&O, Inc*., 213 F.3d 600, 623 (11th Cir. 2000). Absent any evidence that the fees charged are not reasonable or that they exceed what is allowable by statute, the objection is overruled.

**Court Reporter Fees**

FedEx next objects to the fees charged for certain of the depositions because:

1.  Certain of the depositions were filed with the Court, and therefore, it was unnecessary for this party to transcribe them.

2.  Certain depositions were unnecessarily transcribed because the EEOC never examined or cross examined the witness at trial.

3. Costs for a videotaped deposition should not be recovered, because the deposition was not played at trial.

4. It is inappropriate to tax for costs of videotape *and* a written transcription.

All of the objections are without merit. As FedEx itself notes, the question of whether to award the costs of a deposition depends on whether the deposition was "wholly or partially necessarily obtained for *use* in the case." *EEOC v. W&O, Inc., supra,* 213 F.3d at 620-621 (emphasis added). The standard is not whether the depositions were obtained for *filing* in the case. Here, there is no question that the depositions were used by all sides to formulate examination of witnesses, develop a trial strategy, and file and respond to motions. With respect to the costs of a videotaped deposition, the EEOC avers that the witness in question was on Defendant's witness list and "the EEOC reasonably believed it might use both the video-taped and transcribed versions of the

---

[1] A fact which FedEx is no doubt aware of, as there is no indication that it used the marshal's services to deliver its own subpoenas.

-3-

deposition." As costs of a videotaped deposition are allowable if necessarily incurred, *Morrison v. Reichold Chemicals,* 97 F.3d 460, 464 (11th Cir. 1996), and this particular witness was pivotal to the case, the Court finds that it was reasonable to order both a videotape and a transcription of the deposition.

It is therefore **respectfully recommended** that the motion be denied.[2]

> **MOTION:** MOTION TO REVIEW BILL OF COSTS GRANTED TO TED MAINES (Doc. No. 160)
>
> **FILED:** July 1, 2005
> _____
>
> **THEREON** it is **recommended** that the motion be **GRANTED, in part and DENIED, in part**.

In Maines' response to the motion (Doc. No. 163), Maines has agreed to withdraw or reduce certain items from its Bill of Costs, thus mooting many of the objections raised in the motion. The Court reviews the Bill of Costs, as revised, with respect to the remaining disputes.

As set forth above, as the prevailing party, Maines is entitled to an award of costs, as defined by statute.

**Subpoenas**

Maines has agreed to reduce its claim for service fees to a total of $116.45, thus mooting FedEx's objection.

**Court Reporter Fees**

---

[2]FedEx has no objection to the remainder of the Bill, which includes costs for witness fees.

FedEx objects to the charges for deposition transcripts and videotaped depositions, contending, as above, that the depositions were unnecessary in that certain of the depositions were filed with the Court; "the content of the video depositions did not differ from the printed transcripts" and therefore could not have aided counsel; and, as the video depositions were not introduced at trial, they are duplicative of the transcript and unnecessary. For the reasons set forth above, these objections should be overruled.[3]

**Exhibit Fees**

Maines has withdrawn his claim of $815.79 for the demonstrative chart used in his opening and closing remarks.

**Fees for Copies**

As is clear from the papers, Maines has agreed to reduce its in house copy charge from 25-cents a copy to 15-cents. Moreover, Maines has agreed to delete numerous of the challenged entries for copying charges. As modified, the remaining objections are moot or, to the extent not moot, should be overruled.

It is **respectfully recommended** that the motion be **granted, in part** in that the award of costs to Maines should be vacated in favor of the filing by Maines of an Amended Bill of Costs, consistent with the deletions and modifications referenced herein, and **denied, in part** to the extent there are any remaining objections to the modified bill of costs. Should the Court approve of this recommendation,

---

[3] As a practical matter, the contents of a videotaped deposition *always* differs from the printed transcript. As the old adage goes, "a picture is worth a thousand words." While a transcript can accurately record *what* was said, only live or videotaped testimony can convey *how* it was said. Thus, when credibility is an issue, a jury fairly notes intangibles such as demeanor and mannerisms, none of which are evident from the sterile page.

the Clerk should be directed to vacate the award of costs, and Maines should file his Amended Bill, to be taxed by the Clerk in due course.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 21, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy